# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBALIZATION PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAROLINE LAYTON, <br><br> Defendant. | Case No. 19-cv-01990-BAS-LL <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE** <br><br> **[ECF No. 2]** |

Before the Court is Plaintiff Globalization Partners, Inc.'s Ex Parte Application for a Temporary Restraining Order. (ECF No. 2 ("TRO Application").) For the reasons set forth below, the Court **DENIES** Plaintiff's TRO Application and sets a schedule for further briefings.

## I. BACKGROUND

Plaintiff Globalization Partners, Inc. ("Plaintiff" or "GP") filed a complaint against Defendant Caroline Layton alleging, among other things, misappropriation of trade secrets and breach of contract. (ECF No. 1.) Plaintiff concurrently filed the instant TRO Application and moved to file parts of its application under seal.

Plaintiff is a corporation that "facilitat[es] foreign employment for domestic companies" by placing its clients' candidates for hire on Plaintiff's "fully compliant local payroll in whatever country the employee lives[.]" (TRO App. at 6.) Plaintiff

alleges that it invested substantial "intellectual and creative work" to determine the "legal, tax, and [human resources] implications of building a scalable business system in the 60+ countries in which its clients expand most frequently, and turning that into a legal platform plus software." (*Id.* at 7.) Plaintiff alleges that this confidential, proprietary information is the reason that it is "years ahead of its competitors" and has experienced continued growth in its market. (*Id.*)

Plaintiff alleges that Defendant, a former executive of the company, "systematically searched for and downloaded GP's proprietary pricing information, customer and prospective customer lists, new hire forms, and analysis and strategies," primarily during the last two days of her employment, and subsequently attempted to cover her tracks by altering computer settings and deleting files. (*Id.* at 17–18.) Plaintiff alleges that this information forms the "blueprint for recreating GP's business and competing against GP." (*Id.* at 5–6.) Plaintiff further claims that Defendant "refused to affirm that she would honor" Plaintiff's policies regarding non-disclosure of confidential information and refused to identify her new employer, Papaya Global, who Plaintiff contends is a direct competitor. (*Id.*)

Plaintiff filed the instant application requesting that the Court issue a temporary restraining order ("TRO") on the basis that it "will be irreparably harmed by Defendant's use or disclosure of GP's confidential and proprietary information . . . if GP were forced to wait the entire notice period for its Motion to be heard." (*Id.*) Plaintiff requests that the Court order Defendant to return its confidential and propriety information, prohibit Defendant from using or disclosing Plaintiff's information, permit Plaintiff to conduct a forensic inspection of Defendant's accounts and devices to determine if its information exists elsewhere, and expedite discovery. (*Id.* at 22.)

Plaintiff's counsel attests that his office "sent out for personal service on Defendant Layton, at her home address, copies of GP's Complaint, Ex Parte Brief In Support of GP's request for a Temporary Restraining Order, and all supporting

papers." (ECF No. 3, Mot. to Seal, Declaration of Mark A. Romeo ("Romeo Decl.") ¶ 3.) Because there is no proof of service or other documentation reflecting that service was completed, it is unclear whether Defendant received notice of this proceeding. Hence, for purposes of this Order, the Court assumes Defendant was not provided notice of the instant application and construes Plaintiff's application as a request to issue the TRO without providing notice to Defendant.

## II. LEGAL STANDARD

A court may only issue a TRO without notice to the adverse party if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Supreme Court has held, "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (internal citation omitted).

Ex parte TROs "may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). If notice is possible, "courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.2d at 322). One example of such a situation is "where an alleged infringer is likely to dispose of the infringing goods before the hearing." *Id.* To show this, "plaintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would

take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* (internal quotations omitted) (quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

## III. ANALYSIS

The Court finds that Plaintiff improperly brought this application for a TRO on an ex parte basis. The identity of the adverse party is clear in this case, as are her whereabouts. (*See* Romeo Decl. ¶ 3 (Plaintiff's counsel stating that his office "sent out for personal service" at Defendant's home address).) Thus, the only remaining basis on which this Court can issue a TRO without notice to Defendant is if Plaintiff has shown that notice to Defendant would render fruitless the further prosecution of the action.

Here, the Court finds that Plaintiff has not sufficiently shown that the notice would undermine prosecution of the action. Plaintiff does not directly explain why a TRO should be granted before Defendant has an opportunity to respond. *See Funes Suazo v. McAleenan*, No. 19-cv-1882-LAB (MSB), 2019 WL 4849188, at *1 (S.D. Cal. Oct. 1, 2019) ("Respondents apparently have no notice of the TRO motion, and the motion does not explain why a TRO should be granted before they can respond. For this reason alone, the motion is subject to denial."). In fact, as noted previously, Plaintiff's counsel represented in his declaration that his office pursued personal service on Defendant before filing the instant application. (Romeo Decl. ¶ 3.) Because Plaintiff attempted service of the instant application on Defendant, the Court concludes that Plaintiff does not hold the position that providing notice to Defendant would be counterproductive to the prosecution of this case because of a risk that Defendant would dispose of evidence or violate court orders. This negates any claim that notice would frustrate prosecution of Plaintiff's case.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Plaintiff's ex parte application for a TRO

(ECF No. 2.)  Plaintiff is **ORDERED** to file an executed summons **by 5:00 p.m. on October 18, 2019** with: (1) Plaintiff's complaint; (2) Plaintiff's motion for temporary restraining order and attachments; and (3) a copy of this Order.  Defendant **SHALL** file a response to Plaintiff's motion **on or before October 21, 2019**.

**IT IS SO ORDERED.**

DATED: October 16, 2019

Hon. Cynthia Bashant
United States District Judge